# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1343-PA(CW) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Robert Lionel Sanford v. L.E. Scribner (Acting Warden) | | |

| Present: The Honorable | Carla Woehrle, United States Magistrate Judge | |
|---|---|---|
| Donna Y. Thomas | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:**     (In Chambers)

    Petitioner's original petition in this action presented a single ground for federal habeas relief under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). In a minute order filed March 3, 2008 (docket no. 28, erroneously captioned "2007"), the court granted Petitioner's (second) motion to stay case pending exhaustion of state claims (docket no. 26, filed December 3, 2007), and informed Petitioner that, once he received a final decision from the state supreme court, he might move to supplement his petition with additional exhausted claims to be clearly identified.

    In an unopposed motion filed November 5, 2008 (docket no. 34), Petitioner asked to supplement his petition with six new claims he raised in two habeas petitions to the California Supreme Court, No. S158645 and No. S163803. He attached copies of the orders dismissing each petition, and copies of his petitions in the two cases.

    Petitioner states that he exhausted four claims in No. S158645:
Supp. 1:  "ineffective assistance of appellate counsel";
Supp. 2:  "priors not proven beyond a reasonable doubt";
Supp. 3:  "plea bargain agreements broken";
Supp. 4:  "improper chain of custody."

    Petitioner states that he exhausted two claims in No. S163803:
Supp. 5:  "Petitioner was not formally charged with P.C. 1120.12 or Penal Code 2933.1 and sentenced to statutes violated Petitioner's due process rights under the 5th, 6th, 14th Amendment of the United States Constitution";
Supp. 6:  "Ineffective assistance of trial attorney Susan Roe (public defender) violated Petitioner's 6th Amendment of the U.S. Constitution."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1343-PA(CW) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Robert Lionel Sanford v. L.E. Scribner (Acting Warden) | | |

The court has examined the attached copies of the petitions in No. S158645 and No. S163803, and has made a preliminary determination that, on the face of the petitions, Petitioner appears to have stated and exhausted federal habeas claims as to the following supplemental grounds: Supp. 1 (ineffective assistance of appellate counsel), Supp. 3 (plea bargain agreements broken), Supp. 5 (due process violation in sentencing), and Supp. 6 (ineffective assistance of trial counsel).

On the other hand, Petitioner presented his other new claims to the California Supreme Court as state law claims only, and not as federal claims, and, therefore, has not exhausted the following Supplemental Grounds as federal claims: Supp. 2 (priors not proven beyond a reasonable doubt), and Supp. 4 (improper chain of custody).

**It is therefore ORDERED as follows:**

1. Petitioner's motion to supplement (docket no. 34, filed November 5, 2008) is **GRANTED IN PART** (as to Supp. 1, 3, 5, and 6) and **DENIED IN PART** (as to Supp. 2 and 4).

2. The petition is construed as supplemented by addition of the new grounds here identified as Supp. 1, 3, 5, and 6.

3. On or before August 31, 2009, Respondent shall serve and file a Supplemental Answer, addressing all grounds on which Respondent contends Petitioner's new grounds should be denied or dismissed. Respondent may also supplement the answer with respect to present ground one and recent decisions. Respondent shall lodge all necessary state court documents not already submitted.

4. Petitioner's Supplemental Reply shall be served and filed within thirty (30) days of the filing of the Supplemental Answer.

5. The request for appointment of counsel included in the motion to supplement (docket no. 34) is denied without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728-29 (9th Cir. 1986). The court assures Petitioner that it will liberally construe the pro se pleadings in this case. See Maleng v. Cook, 490 U.S. 488, 493, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Tatum v. Christensen, 786 F.2d 959, 963 n.4 (9th Cir. 1985). If the court finds that an evidentiary hearing is necessary, or otherwise decides that appointment of counsel is appropriate, the court will reconsider Petitioner's request.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1343-PA(CW) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Robert Lionel Sanford v. L.E. Scribner (Acting Warden) | | |

```
cc:  Robert L. Sanford              Kenneth J. Kao
     # V-25176                      Deputy Attorney General
     Ironwood State Prison          300 S. Spring St.
     P.O. Box 2199                  Los Angeles, CA 90013
     Blythe, CA 92226
```